IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| *TOSCHA JEFFRIES,* | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 4:19-cv-2928 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *CHRISTOPHER BARR and GULLY TRANSPORTATION, INC.* | ) ) ) | |
| Defendants. | | |

## NOTICE OF REMOVAL

COMES NOW defendant Gully Transportation, Inc. (hereinafter, "Gully"), by and through its attorneys, Sandberg Phoenix & von Gontard P.C., pursuant to 28 U.S.C. § 1332, § 1441 and Rule 81(c) of the Federal Rules of Civil Procedure, and for its Notice of Removal states as follows:

1. Plaintiff filed a civil action on or about September 17, 2019 in the Circuit Court of the City of St. Louis, State of Missouri, Cause No. 1922-CC11526, against Gully and codefendant Christopher Barr for injuries plaintiff claims to have sustained in a motor vehicle accident on May 16, 2019.

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rules, a copy of the complete file from the State Court is attached hereto and incorporated herein as Exhibit A.

3. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because it could have originally been filed in this Court pursuant to 28 U.S.C. § 1332.

4. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12386385.1

5. According to the case filing, plaintiff was a citizen of the State of Missouri at the time of commencement of this action.

6. Gully is organized under the laws of Illinois and has its principal place of business there so it is considered a citizen of Illinois.

7. Barr is likewise a citizen of Illinois.

8. Therefore, there is requisite diversity between the parties.

9. Although plaintiff does not plead a specific amount of damages, she affirmatively states she has medical expenses "in excess of Five Thousand Dollars," lost wages "in excess of Five Thousand Dollars" and is seeking "in excess of Twenty-Five Thousand Dollars" and Gully can establish the amount in controversy requirement is met based upon plaintiff's allegations of injuries and the relief requested in her Petition.[1]

10. When a plaintiff fails to plead the specific amount of recovery she seeks, "the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In Re Minn. Mut. Life Ins. Co., Sales Practice Lit.,* 346 F.3d 830, 834 (8th Cir. 2003); *see also, Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009); 28 U.S.C. § 1446(c)(2)(B) (amount in controversy determined by "preponderance of the evidence").

11. Importantly, "the jurisdictional fact…is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 833 (8th Cir. 2005) (citing *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002)).

---

[1] Gully is not required to concede plaintiff is, in fact, entitled to recover more than $75,000.  *See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far").  Indeed, Gully specifically denies plaintiff is entitled to recover any damages.

12. Plaintiff claims the accident caused her to suffer a multitude of damages, including, but not limited to: (a) serious and permanent injuries to her head, lumbar spine, and cervical spine causing headaches, severe pain, discomfort, and loss of motion; (b) pain of body and anguish of mind; (c) serious, permanent, disabling, and painful injuries; (d) impaired and diminished function, use, and movement of her body and (e) economic damages in the terms of past and future medical bills and past and future lost wages. (*See*, Petition at ¶ 7-9).

13. Where plaintiff has alleged serious, permanent injuries, Federal Courts in Missouri have concluded the amount in controversy requirement has been met. *See Quinn v. Kimble,* 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002); *Hall v. Vlahoulis,* No. 06-6107-CV-SJ-FJG, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007).

14. Thus, plaintiff's claim for damages arising from allegedly serious and permanent physical injuries coupled with her claim for lost past and future wages and other economic injuries demonstrates that based on the preponderance of the evidence the amount in controversy exceeds $75,000.

15. The United States District Court for the Eastern District of Missouri, Eastern Division, embraces the county in which the state court action is now pending.

16. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 105 (a)(1).

17. Gully was served less than 30 days ago so this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of service.

18. Counsel for Gully is also representing defendant Barr and Barr consents to this removal.

19. Pursuant to 28 U.S.C. § 1446(d), Gully will give written notice of the filing of this Notice of Removal to plaintiff and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the City of St. Louis, the Court in which the action is currently pending.

20. If any question arises as to the propriety of the removal of this action, Gully requests the opportunity to brief any disputed issues and to present oral argument in support of removal.

21. Pursuant to Local Rules, the Civil Cover Sheet and Original Filing Form are attached to this Notice of Removal as Exhibit B and Exhibit C, respectively.

22. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Gully's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (a) lack of jurisdiction over the person, (b) improper venue, (c) insufficiency of process, (d) insufficiency of service of process, (e) improper joinder of claims and/or parties, (f) failure to state a claim, (g) failure to join indispensable party, or (h) any other procedural or substantive defense available under state or federal law.

WHEREFORE, defendant Gully Transportation, Inc. respectfully requests the above captioned action now pending in the Circuit Court of the City of St. Louis, Missouri, be removed to the United States District Court for the Eastern District of Missouri, Eastern Division, and for such other and further relief as the Court deems just and proper in the premises.

          SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Timothy B. Niedbalski*
Timothy B. Niedbalski, #59968
Lawrence S. Hall, # 63852
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
tniedbalski@sandbergphoenix.com
lhall@sandbergphoenix.com

Attorneys for Defendants
Christopher Barr and Gully Transportation, Inc.

**Certificate of Service**

The undersigned certifies that a copy of the foregoing was sent by United States mail, postage pre-paid, this 28th day of October, 2019, to the following counsel of record:

Ray Marglous
Robert Merlin
Ray B. Marglous, P.C.
7711 Bonhomme, Suite 300
St. Louis, MO 63105
*Attorneys for Plaintiff*

*/s/ Timothy B. Niedbalski*

12386385.1      5