**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| TOSCHA JEFFRIEIS,            )<br>                             )<br>       Plaintiff,           )<br>                             )   Cause No.:<br>vs.                          )<br>                             )   Division No.:<br>CHRISTOPHER BARR,            )<br>                             )<br>   Serve:                    )   JURY TRIAL DEMANDED<br>       2420 Klondike Road South )<br>       Quincy, IL 62305      )<br>                             )<br>and                          )<br>                             )<br>GULLY TRANSPORTATION, INC.,  )<br>                             )<br>   Serve: William Gully      )<br>          3820 Wisman Lane   )<br>          Quincy, IL 62301   )<br>                             )<br>       Defendant.            )  | |

**PETITION**

COMES NOW Plaintiff TOSCHA JEFFRIES and for her cause of action against Defendant CHRISTOPHER BARR and Defendant GULLY TRANSPORTATION, INC. states to the Court as follows:

1. At all times hereinafter mentioned the collision that is the subject matter of this lawsuit occurred in the City of St. Louis, State of Missouri and therefore venue is properly before this Court.

2. At all times hereinafter mentioned Defendant CHRISTOPHER BARR is employed by Defendant GULLY TRANSPORTATION, INC. and is the employee, agent and servant of Defendant GULLY TRANSPORTATION, INC.

3.	At all times hereinafter mentioned Defendant CHRISTOPHER BARR was driving a 2012 Peterbilt Motors Company truck owned by Defendant GULLY TRANSPORTATION, INC. at the time of the collision that is the subject matter of this lawsuit.

4.	At all times hereinafter mentioned Arsenal is a public thoroughfare located in the City of St. Louis, State of Missouri and running generally in an East and West direction and Lemp is a public thoroughfare located in the City of St. Louis, State of Missouri running generally in a North and South direction.  The collision that is the subject matter of this lawsuit occurred at the intersection of Lemp and Arsenal.

5.	On or about May 16, 2019, at approximately 11:30 a.m. Plaintiff TOSCHA JEFFRIES was driving a 2003 Silver Toyota Corolla Eastbound on Arsenal though an electric green signal when suddenly and without warning the 2012 Peterbilt Motors Company truck driven by Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. violated the red electric signal located at the intersection of Lemp and Arsenal while attempting to make a left turn from Southbound Lemp onto Eastbound Arsenal and thereafter collided with the vehicle driven by Plaintiff TOSCHA JEFFRIES thereby causing serious and permanent injuries to Plaintiff TOSCHA JEFFRIES as more particularly set forth herein.

6.	The aforesaid collision occurred as a direct and proximate result of the negligence and carelessness of Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. in the following respects, to wit:

a. Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. driver failed to properly stop and yield at a stop intersection; and

b. Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. failed to yield the right of way to oncoming traffic; and

c. Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. negligently and carelessly failed and omitted to observe a stop sign at the intersection of Lemp and Arsenal; and

d. Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. violated § 300.270 R.S.M. (2009) which reads, in part, "The driver of a vehicle approaching a yield sign if required for safety to stop shall stop before entering the crosswalk on the near side of the intersection or, in the event there is no crosswalk, at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway," and

e. Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. negligently and

carelessly failed to have and keep his motor vehicle under such control that it could be readily and reasonably stopped under the first appearance of danger; and

    f.  Defendant CHRISTOPHER BARR, employee, agent and servant of

Defendant GULLY TRANSPORTATION, INC. negligently and carelessly failed and omitted to have and keep a careful and vigilant lookout and watch ahead and laterally and to observe persons and vehicles traveling on and upon Lemp and Arsenal; and

    g.  Defendant CHRISTOPHER BARR, employee, agent and servant of

Defendant GULLY TRANSPORTATION, INC. negligently and carelessly failed and omitted to slow down, stop, swerve or turn his motor vehicle so as to avoid the collision and injury; and

    h.  Defendant CHRISTOPHER BARR, employee, agent and servant of

Defendant GULLY TRANSPORTATION, INC. ailed to observe and comply with the rules of the road pursuant to § 304.014 RSMo.

  7.  As a direct and proximate result of the negligence and carelessness of Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC. Plaintiff TOSCHA JEFFRIES was cased to suffer and did suffer from serious and permanent injuries in the following respects, to wit: Plaintiff TOSCHA JEFFRIES suffered injury to her head, lumbar spine, and cervical spine causing headaches, severe pain, discomfort, and loss of motion.

Plaintiff TOSCHA JEFFRIES suffers and will in the future continue to suffer such pain of body and anguish of mind.  Plaintiff TOSCHA JEFFRIES' injuries are serious, permanent, disabling, and painful.  The function, use, and movement of the aforementioned parts and organs of Plaintiff LATRICIA LESTER's body are and in the future will be impaired and diminished.

8.      As a direct and proximate result of the negligence and carelessness of Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC incurred medical expenses in excess of Five Thousand Dollars ($5,000.00) and will incur additional expenses in the future.

9.      As a direct and proximate result of the negligence and carelessness of Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC incurred lost wages in excess of Five Thousand Dollars ($5,000.00) and will incur additional expenses in the future.

WHEREFORE, Plaintiff TOSCHA JEFFRIES prays this Court for judgment against Defendant CHRISTOPHER BARR, employee, agent and servant of Defendant GULLY TRANSPORTATION, INC in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00), for her costs and of court and for such other and further relief as this Court deems just and

                **RAY B. MARGLOUS, P.C.**

By:          /s/ Robert S.Merlin
    Ray B. Marglous, MO Bar # 15838
    Robert S. Merlin, MO Bar # 51707
    7711 Bonhomme, Suite 300
    Clayton, MO 63105
    (314) 721-6757
    (314) 721-5225 (facsimile)



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC11526 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TOSCHA JEFFRIES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>ROBERT S MERLIN<br>7711 BONHOMME  # 300<br>CLAYTON, MO  63105 | (Date File Stamp) |
| Defendant/Respondent:<br>CHRISTOPHER BARR | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:**  CHRISTOPHER BARR
  **Alias:**
2420 KLONDIKE ROAD SOUGH
QUINCY, IL  62305

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 17, 2019**
_____   _____
Date                                                                                        Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____ her:

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
  ☐ the judge of the court of which affiant is an officer.
  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**
Summons    $_____
Non Est       $_____
Mileage       $_____ (_____ miles @ $ _____ per mile)
Total            $_____

See the following page for directions to officer making return on service of summons.

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC11526 | |
|---|---|---|
| Plaintiff/Petitioner:<br>TOSCHA JEFFRIES<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>ROBERT S MERLIN<br>7711 BONHOMME # 300<br>CLAYTON, MO  63105 | |
| Defendant/Respondent:<br>CHRISTOPHER BARR | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Pers Injury-Vehicular | | |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

**The State of Missouri to:** GULLY TRANSPORTATION, INC.
**Alias:**

WILLIAM GULLY
3820 WISMAN LANE
QUINCY, IL  62301

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**September 17, 2019**
_____  _____
Date                                                           Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**
Summons       $_____
Non Est       $_____
Mileage       $_____ (_____ miles @ $_____ per mile)
Total         $_____

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.